UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHRISTOPHER GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTWAN,<br><br>　　　　　Defendant. | No.  1:24-cv-00539 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IT SHOULD NOT BE RECOMMENDED THAT THIS MATTER BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **JUNE 7, 2024** |

　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　For the reasons stated below, Plaintiff will be ordered to show cause why it should not be recommended that this matter be summarily dismissed for failure to exhaust administrative remedies prior to bringing this action.

　　I.　　THE COMPLAINT

　　On May 7, 2024, the instant complaint was filed.[1]  See ECF No. 1 at 6 (signature of

---

[1] When a prisoner gives a pleading to prison authorities to be mailed to a court, the court deems it constructively filed on the date that it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citing Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001)).

1

1 complaint). The complaint names an individual named Antwan as the sole Defendant in this
2 action. Id. at 2. Defendant Antwan is a registered nurse and employee at Wasco State Prison
3 ("WSP"). Id.

In the complaint, Plaintiff makes general allegations of violations of privacy, of malpractice and of misconduct, but he does not do so with any specificity in the complaint against Defendant Antwan. See generally ECF No. 1 at 1-6 (complaint form with no specific facts alleged against Defendant). Instead, Plaintiff simply attaches an Institutional Level Response from WSP to the complaint dated April 26, 2024 (id. at 7-8), and a Health Care Grievance CDCR 602 form dated March 8, 2024, with handwritten notes (id. at 9-11).[2] In addition, Plaintiff fails to state on the complaint form whether he exhausted his administrative remedies prior to bring the matter to this Court.[3] Id. at 3 (questions related to exhaustion left unanswered on complaint form).

Plaintiff seeks "financial compensation" as a remedy. ECF No. 1 at 6. He also asks that Defendant Antwan be reprimanded. Id.

## II   APPLICABLE LAW:  THE EXHAUSTION REQUIREMENT

### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

---

[2] The health care grievance, which is attached to the complaint with additional notes, simply asserts in relevant part that Defendant Antwan gave him the incorrect medication. See ECF No. 1 at 9-11.

[3] As an aside, a court is not required to comb through exhibits to determine if a complaint states a plausible claim. Kesling v. Tewalt, 476 F. Supp. 3d 1077, 1083 (D. Idaho 2020).

1      "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S.
2  199, 216 (2007).  As a result, it is usually a defendant's burden "to prove that there was an
3  available administrative remedy, and that the prisoner did not exhaust that available remedy."
4  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir.
5  1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there
6  is something in his particular case that made the existing and generally available administrative
7  remedies unavailable to him." Id.
8      At the same time, however, "a complaint may be subject to dismissal for failure to state a
9  claim when an affirmative defense (such as failure to exhaust) appears on the face of the
10  pleading." Jones, 549 U.S. at 215.  Exhaustion is not a jurisdictional requirement for bringing an
11  action.  See Woodford, 548 U.S. at 101.
12      Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists
13  as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no
14  'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff,
15  422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner,
16  532 U.S. 731 (2001)).
17      "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of
18  administrative remedies:  An inmate ... must exhaust available remedies, but need not exhaust
19  unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing
20  availability in Ross, the Supreme Court identified three circumstances in which administrative
21  remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end"
22  in which officers are "unable or consistently unwilling to provide any relief to aggrieved
23  inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner
24  can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking
25  advantage of a grievance process through machination, misrepresentation, or intimidation." Ross,
26  578 U.S. at 643-44.  "[A]side from [the unavailability] exception, the PLRA's text suggests no
27  limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at
28

639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

### B. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules.  Woodford, 548 U.S. at 90.  The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested.  "The California prison grievance system has three levels of review:  an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

### III. DISCUSSION

Federal law requires that prisoner litigants exhaust all administrative remedies prior to filing their complaints in federal court.  See 42 U.S.C. § 1997e(a).  Given that: (1) it appears that Plaintiff filed the initial grievance that is the subject of this complaint on March 8, 2024 (see ECF No. 1 at 9); (2) Plaintiff filed the instant complaint just two months later on May 7, 2024 (id. at 6); (3) Plaintiff failed to answer the questions on the complaint related to exhaustion; (4) the Institutional Level Response ("ILR") Plaintiff has provided is dated April 26, 2024,  (id. at 7), and (5) the ILR states that "headquarters level review constitutes the final disposition on [Plaintiff's] health care grievance and exhausts [his] administrative remedies" (id. at 8), it appears that Plaintiff did not exhaust his administrative remedies by appealing his grievance against Defendant to the highest level of administrative review at WSP before filing the instant complaint.  Furthermore, Plaintiff provides no legitimate excuse as to why he did not do so.  See generally ECF No. 1.

For these reasons, Plaintiff will be ordered to show cause why it should not be recommended that this matter be summarily dismissed for failure to exhaust administrative remedies.

In the alternative, Plaintiff may file proof that he has exhausted his administrative remedies at WSP.  Plaintiff will be given thirty days to respond.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall SHOW CAUSE why it should not be recommended that this matter be SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to filing this action;

2.  In the alternative, Plaintiff may file proof that he has exhausted his administrative remedies at Wasco State Prison, and

3.  Plaintiff shall file either his showing of cause or proof that he has exhausted his administrative remedies by **June 7, 2024**.

**Plaintiff is cautioned that absent exigent circumstances, no extensions of time will be granted to comply with this order.**

IT IS SO ORDERED.

Dated:   **May 8, 2024**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE