UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHRISTOPHER GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTWAN,<br><br>　　　　　Defendant. | No. 1:24-cv-00539 GSA (PC)<br><br>ORDER PROVIDING PLAINTIFF WITH ADDITIONAL TIME TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>42 U.S.C. § 1997e(a)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE DATE TO BE EXTENDED TO **JULY 1, 2024** |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, Plaintiff will be given additional time to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.  He will be given fourteen additional days to do so.

I.　　　RELEVANT BACKGROUND AND PROCEDURAL HISTORY

　　　　On May 7, 2024, Plaintiff's complaint, his application to proceed in forma pauperis, and his prison trust fund account statement were docketed.  ECF Nos. 1, 2, 6.  Shortly thereafter,

1

Plaintiff's application to proceed in forma pauperis was granted. ECF No. 7.

The complaint names "RN Antwan," an employee at Wasco State Prison ("WSP"), as the sole Defendant in this matter. See ECF No. 1 at 1-2. It raises an allegation of "Privacy. Malpractice Staff MisConduct" against Defendant stemming from an allegation that on March 8, 2024, Defendant gave Plaintiff the wrong medication. ECF No. 1 at 3, 9-10 (Claim One; related health care grievance, respectively).

On May 9, 2024, having conducted a cursory review of the complaint, the Court found that: (1) the initial administrative grievance attached to the complaint that was the source of Plaintiff's claim was filed March 8, 2024; (2) Plaintiff filed the instant complaint two months later on May 7, 2024; (3) Plaintiff had failed to answer the questions on the complaint form related to whether he had exhausted his administrative remedies on the claim prior to filing in federal court; (4) the Institutional Level Response ("ILR") document from the prison that Plaintiff provided to the Court with the complaint was dated April 26, 2024, and (5) that the ILR had informed Plaintiff that it was "headquarters level review" that would constitute the final disposition on his health care grievance and would serve to exhaust his administrative remedies. ECF No. 8 at 4.

Based on these collective findings, the Court determined that it appeared that Plaintiff had failed to exhaust his administrative remedies before he had filed the instant complaint. ECF No. 8 at 4. As a result, Plaintiff was ordered to show cause why the Court should not recommend that this matter be summarily dismissed for failure to exhaust administrative remedies. Id. at 5. In the alternative, Plaintiff was given the opportunity to demonstrate that he had, in fact, exhausted his administrative remedies. See id. Plaintiff was given thirty days – here, until June 7, 2024, – to comply with the Court's order. Id.

To date, Plaintiff has not filed the showing of cause, nor has he responded to the Court's order in any way.

II. DISCUSSION

The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA

2

mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino, 747 F.3d at 1171 (quoting Woodford, 548 U.S. at 85).

In Ross v. Blake, 578 U.S. 632 (2016), the Supreme Court held that there are exceptions to the exhaustion requirement: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 643-44. Exhaustion is mandatory, thereby foreclosing any judicial discretion on the question. See id. at 639 ("[A] court may not excuse an inmate's obligation to exhaust – irrespective of any 'special circumstances'.").

In the original order to show cause, the Court stated that Plaintiff could either file the showing of cause, or, in the alternative, he could file proof that he had exhausted his administrative remedies. ECF No. 8 at 5. However, a prisoner litigant is not required to provide proof that he has exhausted his state remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints."); Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (citing Jones). Hence it is only required that Plaintiff submit a showing of cause, thus Plaintiff will be given additional time to file a showing of cause that informs the Court why this matter should not be dismissed for failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall be given additional time to file a showing of cause why this matter should not be dismissed for failure to exhaust administrative remedies, and

2. Plaintiff's showing of cause shall be filed by **July 1, 2024**.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed. He is also informed that absent exigent circumstances, no extensions of time will be granted to comply with this**

**order.**

IT IS SO ORDERED.

Dated: **June 17, 2024**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE