UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHRISTOPHER GONZALES,<br><br>        Plaintiff,<br><br>   v.<br><br>ANTWAN,<br><br>        Defendant. | No.  1:24-cv-00539 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME TO FILE PROOF OF EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 10, 11)<br><br>PLAINTIFF'S SHOWING OF CAUSE STILL DUE **JULY 1, 2024**<br><br>(ECF Nos. 8, 9) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's  two motions for extensions of time to file a showing of cause in compliance with the Court's May 9, 2024, order.  See ECF Nos. 8, 10-11 (order to show cause; two requests for an extension of time, respectively).  For the reasons stated below, Plaintiff's motions will be denied.

I.      RELEVANT BACKGROUND

On May 7, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  Shortly thereafter, Plaintiff filed his six-month prison trust fund

1

1  account statement, and his application to proceed in forma pauperis was granted. ECF Nos. 6, 7
2  (trust account statement; order granting in forma pauperis status).
3        On May 9, 2024, after reviewing the complaint and finding that Plaintiff appeared to have
4  failed to exhausted his administrative remedies prior to filing the complaint, and that he had
5  provided no valid excuse for failing to do so, the Court ordered Plaintiff to show cause why the
6  matter should not be summarily dismissed for failure to exhaust administrative remedies. ECF
7  No. 8 at 5. Plaintiff was given until June 7, 2024, to file the showing of cause. Id.
8        Plaintiff's June 7, 2024, due date to file the showing of cause came and went without
9  Plaintiff responding to the Court's order. Despite this fact, for technical reasons, on June 18,
10 2024, the Court granted Plaintiff, sua sponte, an additional fourteen days to file his showing of
11 cause. ECF No. 9 at 3. At that time Plaintiff was instructed that consistent with Jones v. Bock,
12 549 U.S. 199, 216 (2007), he was not required to file proof of exhaustion with the Court, but
13 needed only to file the showing of cause. Id.
14       Plaintiff's instant requests for extensions of time were docketed June 27, 2024, and June
15 28, 2024. ECF Nos. 10, 11. In both motions, Plaintiff requests the Court for additional time to
16 file the showings of cause because he needs additional time to exhaust his state administrative
17 remedies. See ECF Nos. 10, 11. Specifically, he requests an additional sixty days "to show [that]
18 [he is] in line with the Court's demand to show proof of exhaustion of all administrative
19 remedies." ECF No. 10 at 2 (brackets added) (some errors in original omitted).
20     II.   DISCUSSION
21       Both of Plaintiff's motions for extensions of time to provide the Court with proof of
22 exhaustion will be denied. As the Court's order issued June 18, 2024, stated, Plaintiff is not
23 required to show proof of exhaustion. See ECF No. 9 at 3. He is only required to show cause
24 why this matter should not be dismissed for failing to exhaust his administrative remedies before
25 he filed suit in this Court. Id. This can be done by providing a showing, in accord with Ross v.
26 Blake, 578 U.S. 632, 642 (2016), that administrative remedies were unavailable to Plaintiff when
27 he filed the instant complaint. See generally id.
28       The purpose of the Court ordering Plaintiff to file a showing of cause was because it was

clear on the face of the complaint that Plaintiff had <u>not</u> completed the exhaustion process at Wasco State Prison before he filed the instant complaint. Plaintiff's statements in the two instant extension of time requests demonstrate, without more, that he failed to exhaust. <u>See</u> generally ECF Nos. 10, 11.

Plaintiff having filed the complaint before exhausting is in <u>direct</u> <u>violation</u> of 28 U.S.C. § 1997e(a), which <u>mandates</u> administrative exhaustion before a prisoner files a complaint in federal court. Merely granting Plaintiff an opportunity to complete the prison's exhaustion process after he has already filed his complaint would not serve as an exception to the exhaustion requirement. Moreover, the Court cannot make an exception for Plaintiff by granting his extension of time requests in order to give him additional time to exhaust. Like any other prisoner litigant, Plaintiff is bound by the exhaustion requirements of 28 U.S.C. § 1997e(a). Absent a <u>Ross</u> exception, Plaintiff should have exhausted his administrative remedies before he filed his complaint in this Court.

For these reasons, Plaintiff's two motions requesting a continuance will be denied. Consistent with the Court's order issued June 18, 2024 (<u>see</u> ECF No. 9), his showing of cause remains due **July 1, 2024**.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to exhaust administrative remedies docketed June 27, 2024 (ECF No. 10), is DENIED;

2. Plaintiff's motion for an extension of time to exhaust administrative remedies docketed June 28, 2024 (ECF No. 11), is DENIED, and

3. Plaintiff's showing of cause related to why this matter should not be summarily dismissed due for failure to exhaust administrative remedies prior to filing in federal court (<u>see</u> ECF Nos. 8-9) is <u>still</u> due **July 1, 2024**.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed. He is also informed that absent exigent circumstances, <u>no</u> extensions of time will be granted to comply with this order.**

IT IS SO ORDERED.

Dated:  **June 30, 2024**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE