UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHRISTOPHER GONZALES,<br><br>                    Plaintiff,<br><br>     v.<br><br>ANTWAN,<br><br>                    Defendant. | No.  1:24-cv-00539 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING SUMMARY DISMISSAL OF MATTER FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>42 U.S.C. § 1997e(a)<br><br>PLAINTIFF'S OBJECTIONS DUE **JULY 23, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be summarily dismissed due to Plaintiff's failure to exhaust his administrative remedies prior to filing this case.  See 42 U.S.C. § 1997e(a).

I.     RELEVANT BACKGROUND

On May 7, 2024, Plaintiff's complaint, his application to proceed in forma pauperis, and his prison trust fund account statement were docketed.  ECF Nos. 1, 2, 6.  Shortly thereafter,

1

1   Plaintiff's application to proceed in forma pauperis was granted.  ECF No. 7.

2   The complaint names "RN Antwan," an employee at Wasco State Prison ("WSP"), as the
3   sole Defendant in this matter.  See ECF No. 1 at 1-2.  In it Plaintiff makes general allegations of
4   violations of privacy, of malpractice, and of misconduct, but he does not do so with any
5   specificity against Defendant Antwan.  See generally ECF No. 1 at 1-6 (complaint form with no
6   specific facts alleged against Defendant).  Further review of documents that Plaintiff has attached
7   to the complaint appear to indicate that his claims stem from the fact that he was given incorrect
8   medication.  See id. at 7-8 (prison's Institutional Level Response).  Despite the absence of
9   information about his claim, Plaintiff seeks "financial compensation" as a remedy.  Id. at 6.  He
10  also requests that Defendant Antwan be reprimanded.  Id.

11          II.     RELEVANT PROCEDURAL HISTORY

12  On May 9, 2024, having conducted a cursory review of the complaint, the Court found
13  that:  (1) the initial grievance attached to the complaint that was the source of Plaintiff's claim
14  was submitted March 8, 2024; (2) Plaintiff had filed the instant matter two months later on May
15  7, 2024; (3) Plaintiff had failed to answer the questions on the complaint form related to whether
16  he had exhausted his claims administratively prior to filing in federal court; (4) the Institutional
17  Level Response document from the prison that Plaintiff had provided to the Court was dated
18  April 26, 2024, and (5) that Institutional Level Response had informed Plaintiff that it was
19  "headquarters level review" that would constitute the final disposition on his health care
20  grievance and would serve to exhaust his administrative remedies.  ECF No. 8 at 4.  Based on
21  these collective findings, the Court stated that it appeared that Plaintiff had failed to exhaust his
22  administrative remedies before he had filed the instant complaint in this Court.  Id.  As a result,
23  Plaintiff was ordered to show cause why the Court should not recommend that this matter be
24  summarily dismissed for failure to exhaust administrative remedies.  Id. at 5.  In the alternative,
25  Plaintiff was given the opportunity to show that he had, in fact, exhausted his administrative
26  remedies.[1]  See id. Plaintiff was given thirty days to comply with the Court's order.  Id.

27  ---
28  [1]  A prisoner litigant is *not required* to provide proof that he has exhausted his state remedies.
    See Jones v. Bock, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specifically plead or

### III. APPLICABLE LAW

#### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. See Jones, 549 U.S. at 215 (parenthetical added) (citation omitted). Exhaustion is not a jurisdictional requirement for bringing an action. See Woodford, 548 U.S. at 101 (citing to 42 U.S.C. § 1997e(c)(2) to remind that matter may be dismissed on face if frivolous, malicious, or fails to state claim without first requiring exhaustion of administrative remedies).

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff,

---

demonstrate exhaustion in their complaints."); Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (citing Jones). Therefore, because the option of showing proof of exhaustion was not required, in the next order issued by the Court, Plaintiff was instead simply directed to show cause why the matter should not be dismissed for failure to exhaust. See ECF No. 9 at 3.

422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing <u>Booth v. Churner</u>, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." <u>Ross v. Blake</u>, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in <u>Ross</u>, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Ross</u>, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " <u>Id.</u> at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." <u>Id.</u> at 639.

      B. <u>California Regulations Governing Exhaustion of Administrative Remedies</u>

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. <u>Woodford</u>, 548 U.S. at 90. The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested. "The California prison grievance system has two levels of review. <u>See</u> Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively). An inmate exhausts administrative remedies by obtaining a decision at each level." <u>Reyes v. Smith</u>, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) (repealed); <u>Harvey v. Jordan</u>, 605 F.3d 681, 683 (9th Cir. 2010)).

    IV. <u>DISCUSSION</u>

4

Plaintiff's complaint must be dismissed for his failure to exhaust administrative remedies prior to filing this action. Plaintiff fails to state on the complaint form whether he exhausted his administrative remedies prior to bring the matter to this Court. ECF No. 1 at 3 (questions related to exhaustion left unanswered on complaint form). Additionally, documents provided with the complaint, as identified herein, clearly indicate that Plaintiff did not exhaust prior to filing in this Court.

### A. Plaintiff's Failure to Exhaust

First, the initial grievance,[2] which is the subject of this complaint, was filed by Plaintiff in WSP on March 8, 2024. See ECF No. 1 at 9 (602 health care grievance form signed March 8, 2024). Next, in addition to the March 2024 health care grievance, Plaintiff attaches an Institutional Level Response from Health Care Services to the complaint. Id. at 7-8. That response is dated April 26, 2024. Id. at 7. In addition, the signature date on the instant complaint indicates that it was filed on May 7, 2024.[3] See id. at 6 (signature of complaint). Thus, only two weeks had elapsed between the date Plaintiff received an official, *initial* response from the prison on April 26, 2024, and the date he filed the instant matter on May 7, 2024.

In addition, when the prison issued its first-level response, in the memo, the prison instructed Plaintiff that if he was dissatisfied with its decision not to intervene, he could submit his grievance for headquarters-level review. ECF No. 1 at 8. "[H]eadquarters-level review," the prison stated, "[would] constitute[] the final disposition on [Plaintiff's] health care grievance and [would] exhaust[] [his] administrative remedies." Id. (brackets added). This statement in the memo further indicates that as of April 26, 2024, Plaintiff had not exhausted his administrative remedies before he filed the instant complaint.

### B. Plaintiff's Failure to Show Cause

Next, on May 9, 2024, two days after the complaint was filed with the Court, Plaintiff was

---

[2] The health care grievance, which is attached to the complaint with additional notes, simply asserts in relevant part that Defendant Antwan gave him the incorrect medication. See ECF No. 1 at 9-11.

[3] When a prisoner gives a pleading to prison authorities to be mailed to a court, the court deems it constructively filed on the date that it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citing Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001)).

ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.[4]  See ECF Nos. 8, 9 (showing of cause order; extension of time to file same).  Plaintiff was to have provided his showing of cause by July 1, 2024.  See ECF No. 9 at 3. To date, he has not done so.

### C. Plaintiff's Improper Requests for Extensions of Time to Exhaust

In late June 2024, Plaintiff filed two separate requests for an extension of time to exhaust his administrative remedies.  ECF Nos. 10, 11.  In the first motion, Plaintiff states that an extension of time is needed "due to the CDCR appeals process time frame."  ECF No. 10 at 1. The CDCR's "earliest correspondence on an appeal," he states, is "no earlier than sixty [] days." See id. (brackets added).  Plaintiff further states that he is "waiting on [the] last level response" from the appeals office.  Id. at 2.

In the second extension of time request, which was docketed the next day, Plaintiff admits that he is still "waiting on [a] last level response."  ECF No. 11 at 1 (brackets added).  In what appears to be an effort to prove this, Plaintiff also attaches a letter from the prison which again informs him that if he is dissatisfied with the Institutional Level Response, he can file an appeal at the headquarters level, and that it is review at that level that will exhaust his administrative remedies.  See id. at 2.  Thus, it is clear in Plaintiff's requests for extensions of time that Plaintiff has not yet exhausted his administrative remedies.

Thus, because granting Plaintiff additional time to exhaust his administrative remedies is in direct contravention of 42 U.S.C. § 1997e(a), on July 1, 2024, the undersigned denied both requests for an extension of time.  See ECF No. 12 at 2-3.  As a result, Plaintiff's showing of cause, due July 1, 2024, is now more than one week past due.

### V. CONCLUSION

In light of these facts, it is clear that: (1) prior to filing this matter in May 2024, Plaintiff had not exhausted his administrative remedies in accordance with state and federal law, and (2) it

---

[4] When the Court, sua sponte, later granted Plaintiff an extension of time to file the showing of cause, Plaintiff was told that failure to comply with the Court's order within the time allotted might result in a recommendation that this matter be dismissed.  ECF No. 9 at 3.

appears that to this date Plaintiff has *still* not effectuated exhaustion. For these reasons the undersigned will recommend that this matter be summarily dismissed for failure to exhaust administrative remedies. See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see generally Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citation omitted) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – **by July 23, 2024**, – Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 9, 2024**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE