UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CHRISTOPHER GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>ANTWAN,<br><br>Defendant. | No. 1:24-cv-00539 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 14) |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2024, the assigned magistrate judge issued findings and recommendations recommending that this matter be summarily dismissed for failure to exhaust administrative remedies. Doc. 14. Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days. *Id.* On September 3, 2024, plaintiff filed objections to the findings and recommendations.[1] Doc. 15.

---

[1] Plaintiff appears to indicate that he was delayed in filing his objections to the magistrate judge's findings and recommendations because the response to his administrative appeal was sent to the wrong facility. Plaintiff does not allege that the findings and recommendations were delayed in reaching him. In any event, as addressed below, plaintiff's objections and the attachments thereto confirm that plaintiff did not exhaust his administrative remedies prior to filing this action.

1

1     With his objections, plaintiff attaches an administrative decision from the California Correctional Healthcare Services (Headquarters' Level Response), dated August 14, 2024, indicating that "[t]his decision exhausts [plaintiff's] administrative remedies." *Id.* at 6. The decision appears to indicate that plaintiff exhausted his administrative remedies as of August 14, 2024. However, plaintiff filed the complaint on May 7, 2024. *See* Doc. 1. Therefore, the requirement that "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court" remains unsatisfied. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Although "[a] plaintiff who was a prisoner at the time of filing his suit but was not a prisoner at the time of his operative complaint is not subject to a PLRA exhaustion defense," *Jackson v. Fong*, 870 F.3d 928, 937 (9th Cir. 2017), that is not the situation here. In *Jackson*, the plaintiff was not a prisoner when he filed his operative amended complaint. *Id.* In contrast, the operative complaint here was filed when plaintiff was in custody.[2]

    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued July 10, 2024, Doc. 14, are adopted in full.
2. This matter is dismissed without prejudice for failure to exhaust administrative remedies. To the extent plaintiff later exhausted his administrative remedies in August 2024, he may refile in a new case a complaint asserting his claim.
3. The Clerk of the Court shall update plaintiff's address on the docket to the following: 447 E. Rialto Ave., Apt. 10, San Bernardino, CA 92408. The Clerk shall serve a copy of this Order on plaintiff at that address.

---

[2] Plaintiff's objections also noted that he "will be released out of custody on 9-8-2024." Doc. 15 at 1. Plaintiff requested that mailings to him after that date be sent to his updated address: 447 E. Rialto Ave., Apt. 10, San Bernardino, CA 92408. *Id.* at 1–2.

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  June 11, 2025

_____
UNITED STATES DISTRICT JUDGE